MICHAEL E. KIRBY, Judge.
[, Plaintiff, Cathy Warner Hill, appeals the trial court’s June 6, 2008 judgment denying her rule for contempt of court and ordering the termination of garnishment of her ex-husband, Douglas Hill, Sr.’s Social Security income. For reasons that follow, we affirm.
This appeal involves a rule for contempt of court filed by Mrs. Hill against her ex-husband, defendant Douglas Hill, Sr., on August 8, 2007. In the rule, Mrs. Hill argued that Mr. Hill should be held in contempt of court for violating several judgments of the trial court. Specifically, Mrs. Hill alleged that Mr. Hill has failed to pay all amounts owed to her, including amounts for child support arrearages, attorney’s fees, medical expenses and rental income. Following a hearing, the trial court rendered judgment, denying Mrs. Hill’s rule for contempt and terminating the garnishment of Mr. Hill’s Social Security income. Mrs. Hill now appeals, arguing that the trial court erred in denying her rule for contempt.[1]
LOn the issue of child support, Mr. Hill was found to be in arrears in the amount of $10,835.00, plus interest, in a judgment signed on September 19, 2002. He was ordered in that judgment to make monthly payments to Mrs. Hill in the amount of $710.00 to satisfy that obligation. In an income assignment order granted at the request of Mrs. Hill on April 8, 2004, she stated that $6,685.00 of the $10,835.00 ar-rearage remained unpaid. Mrs. Hill’s request for an income assignment order was filed on April 6, 2004. In her rule for contempt filed on August 8, 2007, Mrs. Hill alleged that Mr. Hill still owes $28,542.02, plus interest, in child support arrearages.
The record shows that the youngest child of the parties reached the age of majority in June 2002. Mr. Hill’s child support obligation terminated at that time. See La. R.S. 9:315.22 B. In her subsequent request for an income assignment order filed in April 2004, Mrs. Hill stated that only $6,685.00 of the child support arrear-age, plus interest, remained due at that time. Because the 2004 request for the income assignment order was filed after the youngest child reached the age of majority, Mrs. Hill cannot now claim that Mr. Hill is in arrears for an amount greater than $6,685.00 plus interest.
As noted by the trial court in reasons for judgment, Mr. Hill has been paying his child support arrearages since April 2004 until the trial court’s judgment on June 6, 2008 through a garnishment of his Social Security income. In her 2007 rule for contempt, Mrs. Hill acknowledged that she had received $8,265.00 in direct payment *55 from Mr. Hill and $28,630.00 through garnishment of Mr. Hill’s lsSocial Security income. At the hearing in this matter held on January 9, 2008, Mrs. Hill testified that she was still receiving $519.00 per month from the garnishment of Mr. Hill’s Social Security income.
We find no merit in Mrs. Hill’s argument that Mr. Hill still owes her money for child support arrearages. To the contrary, the record shows that the amounts received by Mrs. Hill from Mr. Hill greatly exceeded the $10,835.00 plus interest in child support arrearages found to be owed by Mr. Hill in the trial court’s September 19, 2002 judgment, which was rendered after Mr. Hill’s child support obligation ended pursuant to La. R.S. 9:315.22B.
Mrs. Hill also alleged in her rule for contempt that she was still owed $1,500.00 in attorney’s fees by Mr. Hill. This amount represents orders directed to Mr. Hill to pay attorney’s fees in the amount of $500.00 by judgment of August 27, 1998, $500.00 by judgment of September 29, 2000 and $500.00 by judgment of September 19, 2002. The trial court found that Mr. Hill satisfied his obligation for payment of these attorney’s fees to Mrs. Hill through his overpayment of child support. We agree with the trial court. There is no merit in Mrs. Hill’s argument.
Mrs. Hill also alleged that Mr. Hill was ordered to pay her $7,000.00 from the proceeds of the sale of property located at 1339 Alabo Street in New Orleans. She alleged that this amount was to be paid toward the satisfaction of his child support arrearages. The record shows that by judgment dated September 19, 2002, Mr. Hill was ordered pay Mrs. Hill $7,000.00 of the proceeds from the sale of the Alabo Street property. However, as noted by the trial court, Mrs. Hill testified that |4Mr. Hill paid her $5,000.00 of the $7,000.00 sale proceeds. The trial court found that the balance of $2,000.00 has been satisfied through the overpayment of the child support arrearages. We find no error with the trial court’s finding on this issue.
Mrs. Hill also alleged that Mr. Hill should be found in contempt of court for failure to pay his 50% share of the children’s medical expenses as ordered by the trial court. In her rule for contempt, Mrs. Hill claimed that she has incurred $10,103.00 in medical expenses for her children, and that Mr. Hill owes her $5,051.50 for his share.
A consent judgment agreed to by the parties on January 30,1996 and signed by the trial court on June 11, 1997 ordered that Mr. Hill and Mrs. Hill were to each be responsible for the payment of 50% of the reasonable medical expenses incurred on behalf of their children. At trial in this matter, Mrs. Hill testified that Mr. Hill has not paid her any money for the children’s medical expenses. However, as noted by the trial court in reasons for judgment, Mrs. Hill did not produce any medical bills or other documentation regarding medical expenses, and could not recall what types of treatment her children received or the dates on which her children were treated. Mr. Hill testified that Mrs. Hill never presented him with any medical bills for the children. Because Mrs. Hill failed to present sufficient evidence to substantiate this claim, we find no merit in her argument that Mr. Hill owes her $5,051.50 for the children’s medical expenses.
1 ^Finally, Mrs. Hill alleged that Mr. Hill should be found in contempt of court for failure to pay her rental income from property owned by the parties at 833-835 Tupelo Street in New Orleans. The trial court found that Mrs. Hill’s claim for rent *56 that was allegedly to be paid to her by Mr. Hill has prescribed. We agree.
La. C.C. Article 3494 states that an action for arrearages of rent is subject to a liberative prescription of three years. The consent judgment agreed to by the parties on January 30,1996 and signed by the trial court on June 11, 1997 ordered that Mrs. Hill was to receive $350.00 per month representing the rental of one-half of the Tu-pelo Street property. She was also to receive any subsequent increase in rent. She was also ordered to receive $30.00 from the rental of the other half of the property, with Mr. Hill receiving $250.00 per month for that half of the property.
However, in a subsequent judgment signed on July 25, 1997, the trial court ordered the tenants of the rental property to tender the rent directly to Mrs. Hill from that date forward until further orders of the court. Mr. Hill was ordered to tender to Mrs. Hill the sum of $1,065.00 representing rental income collected by him prior to the July 1997 judgment.
In accordance with La. C.C. Article 3494, Mrs. Hill had three years from the judgment signed on July 25, 1997 to pursue a claim against Mr. Hill for arrearages of rent. She did not do so. Therefore, her claim for unpaid rent has prescribed.
l(;We find no error in the trial court’s finding that Mr. Hill has satisfied all of his financial obligations to Mrs. Hill. For the reasons stated above, we affirm the trial court judgment.
AFFIRMED.

. Mrs. Hill filed her own appeal brief without assistance of counsel. Her brief does not include assignments of error, but the gist of her argument is that the trial court erred in denying her rule for contempt against Mr. Hill. Mrs. Hill’s current counsel filed a motion to enroll as counsel of record less than one week prior to the submission of this appeal. The motion was granted.